UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JEFFREY CHANDLER, individually     :
and on behalf of all others
similarly situated, et al.,        :

                    Plaintiffs,     :    15 Civ. 6791 (HBP)

   -against-                      :    OPINION
                                                   AND ORDER
TOTAL RELOCATION SERVICES, LLC,    :
et al.,
                                      :
                    Defendants.
                                      :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        Plaintiffs commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") §§ 190 et seq. against defendants to recover unpaid minimum wage and overtime premium pay, spread-of-hours pay and penalties for failure to provide wage statements and notices under the Wage Theft Prevention Act (the "WTPA"). Plaintiffs brought the action as a collective action pursuant to 29 U.S.C. § 216(b) with respect to the FLSA claims and as a Rule 23 class action with respect to the NYLL claims.

        The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

The parties have reached a settlement prior to the matter being conditionally certified as a collective action or certified as a class action and now seek approval of their proposed settlement (Docket Item ("D.I.") 62).  However, the parties have not provided sufficient information to enable me to determine whether the proposed settlement is fair and reasonable.  The parties have failed to provide the amount of damages each plaintiff claims, other than statutory penalties for alleged violations of the WTPA, and the basis therefore.  Specifically, while counsel has stated that "[n]on-driver plaintiffs will recover the full amount of unpaid overtime wages that was calculated using Defendant's records" (Letter from Jonathan Schulman, Esq., to the undersigned, dated Feb. 3, 2017 (D.I. 62) ("Schulman Letter"), at 4), and has listed these amounts for five out of the seven plaintiffs (Schulman Letter, Ex. 2), it is not clear whether all five of those plaintiffs are non-drivers.  It is also not clear whether the remaining two plaintiffs, Raymond Perez and Chris Santana, claim any damages for allegedly unpaid overtime premium pay.[1]  Additionally, counsel has failed to state the damages each plaintiff claims for unpaid minimum wage and liqui-

---

[1] Plaintiffs allege that Perez and Santana were not paid overtime premium pay (Class and Collective Action Complaint, dated Aug. 27, 2015 (D.I. 1) ¶¶ 85, 87, 94, 96).

2

dated damages. Thus, it is impossible to determine whether the allocation of the settlement proceeds is reasonable and bears a rational relationship to the amount claimed by each plaintiff.

Accordingly, within 30 days of the date of this Order, the parties are to provide the amount of damages claimed by each plaintiff and the basis therefore.

Dated:  New York, New York
        June 22, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

3