USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JEFFREY CHANDLER, individually :
and on behalf of all others
similarly situated, et al., :

              Plaintiffs, : 15 Civ. 6791 (HBP)

  -against- : OPINION
                               AND ORDER

TOTAL RELOCATION SERVICES, LLC, :
et al.,
                               :
              Defendants.
                               :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on plaintiffs and defendants' joint application to approve their settlement (Docket Items ("D.I.") 62, 66). Those parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiffs worked for defendants as movers and drivers, providing moving services to defendants' clients. Plaintiffs seek, by this action, to recover unpaid wages, overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"). Plaintiffs also assert claims based on defendants' alleged failure to provide certain

notices and statements as required by the NYLL.[1]  Although the action was commenced as a collective action with respect to the FLSA claims and a putative class action with respect to the Labor Law claims, the parties reached the proposed settlement prior to the matter being conditionally certified as a collective action or certified as a class action.  Thus, the only parties to the settlement are the named plaintiffs and the named defendants.

Plaintiffs contend that movers were not paid for time spent traveling to work sites.  They also contend that both movers and drivers were not paid for the time they worked at defendants' warehouse.  Finally, plaintiffs contend that defendants failed to pay for all hours worked when they thought plaintiffs spent too much time on a job.

Defendants deny plaintiffs' allegations.  Defendants contend that they were exempt from paying drivers overtime premium pay pursuant to the FLSA's motor carrier exemption.[2]

---

[1] Defendants, in turn, filed a third-party complaint against Tri-State Employment Services, Inc. ("Tri-State") for indemnity (Third Party Complaint, dated Dec. 1, 2015 (D.I. 21)).  Tri-State failed to answer the third-party complaint or otherwise take any steps to defend against the claims.  After issuing an Order to Show Cause to Tri-State and receiving no response, the Honorable Analisa Torres, United States District Judge, entered a judgment of default against Tri-State on December 13, 2016 (Judgment, dated Dec. 13, 2016 (D.I. 58)).

[2] There are two requirements to fall under this exemption. First, "the employer must be within the jurisdiction of the
(continued...)

2

Defendants also contend that they were not required to pay plaintiffs for time spent traveling between the warehouse and the work sites. Finally, defendants contend that plaintiffs were not required to work at the warehouse.

I held a lengthy settlement conference on January 17, 2017 that was attended by the parties and their counsel. After a protracted discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for a total settlement of $95,000.00. The parties have also agreed that $473.50 of the settlement amount will be allocated to reimburse plaintiffs' counsel for their out-of-pocket costs, $31,666.67 (or one-third) of the remaining $94,526.50 will

---

[2](...continued)
Secretary [of Transportation] by virtue of operating as a motor carrier [or a motor private carrier], as defined by the statute." Cruz v. AAA Carting & Rubbish Removal, Inc., 116 F. Supp. 3d 232, 246 (S.D.N.Y. 2015) (Karas, D.J.) (second alteration in original; internal quotation marks omitted); accord Tang v. Wing Keung Enters., Inc., 210 F. Supp. 3d 376, 390-91 (E.D.N.Y. 2016). The vehicle must also weigh over 10,000 pounds for the employer to be subject to the jurisdiction of the Secretary of Transportation. See Tang v. Wing Keung Enters., Inc., supra, 210 F. Supp. 3d at 391. Second, "the individual employee must fall within an exempt classification," meaning that the employee "must engage in activities of a character directly affecting the safety . . . of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [Motor Carrier Act]." Cruz v. AAA Carting & Rubbish Removal, Inc., supra, 116 F. Supp. 3d at 246 (internal quotation marks omitted); accord Tang v. Wing Keung Enters., Inc., supra, 210 F. Supp. 3d at 392.

be paid to plaintiffs' counsel and the balance will be paid to plaintiffs. The amount claimed by each of the plaintiffs[3] and the net amount that each will receive[4] after deduction for legal fees and costs are as follows:

| Plaintiff | Amount Claimed | Net Settlement Amount |
|---|---|---|
| Jeffrey Chandler | $13,660.00 | $8,276.32 |
| Revel George | $13,823.30 | $8,315.32 |
| Eugene Griffin | $19,122.05 | $9,585.73 |
| Thomas Lloyd | $23,385.50 | $10,608.18 |
| Raymond Perez | $23,703.94 | $10,686.19 |
| Laureano Reyes | $8,784.00 | $7,106.20 |
| Chris Santana | $13,688.50 | $8,281.89 |
| **TOTAL** | **$116,167.29** | **$62,859.83** |

I previously refused to approve the settlement agreement because the parties did not provide sufficient information to enable me to determine whether the proposed settlement was fair and reasonable (Opinion and Order, dated June 22, 2017 (D.I.

---

[3]The amount claimed by each of the plaintiffs includes the allegedly unpaid wages and overtime premium pay, liquidated damages and statutory damages for defendants' alleged failure to provide wage statements and notices.

[4]I use the net settlement amounts as they appear in Exhibit 1 to D.I. 66, rather than the amounts listed in Exhibit 2 to D.I. 62, because the former distributes the settlement more equitably.

65)). Specifically, the parties failed to state the damages claimed by each plaintiff, other than statutory penalties, and the basis therefore.

The parties have submitted a renewed application for settlement approval. In accordance with my previous Opinion and Order, counsel has identified the damages claimed by each plaintiff and the basis therefore.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293

F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54. The presumption of fairness in this case is bolstered by the caliber of the parties' attorneys. Based upon their performance at the settlement conference that was held, it is clear to me that all parties are represented by counsel who are extremely knowledgeable regarding all issues in the case and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

First, although the net settlement represents approximately 54% of plaintiffs' claimed damages, that fact does not render it deficient. Defendants kept records of the number of hours plaintiffs worked. Additionally, defendants argue that they were exempt from paying drivers overtime premium pay because of the FLSA's motor carrier exemption. As discussed in more detail below, given the risks these issues present, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. No depositions have taken place yet. If the case were to proceed, several depositions would need to be taken. The settlement avoids the necessity of conducting this discovery.

Third, the settlement will enable plaintiffs to avoid the risks of litigation. As noted above, defendants dispute the number of hours plaintiffs claim to have worked, citing records defendants kept of the hours worked. Plaintiffs, therefore, face the risk that a fact finder may credit defendants. Moreover, defendants take the position that they were exempt from paying drivers overtime premium pay because of the FLSA's motor carrier exemption. Thus, whether plaintiffs would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report

7

& Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted; assessing fairness of class action settlement)).

Fourth, because I presided over the settlement conference that preceded the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached after a mediation before the Court, further negating the possibility of fraud or collusion.

The settlement agreement also contains a release. It provides that plaintiffs release

> all statutory, contract, tort and all other claims against Defendants, its/their parent companies, subsidiaries and Affiliates, and its/their officers, directors, shareholders, members, managers, trustees, employees, agents, representatives, administrators, attorneys, insurers, fiduciaries, predecessors, successors and assigns (collectively, the "Releasees"), and release and forever discharge Releasees to the fullest extent permitted by law from all actions, causes of action, . . . claims, . . . whatsoever, in law or in equity, known or unknown, which Plaintiffs . . . may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever against Releasees based upon any conduct occurring from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Lawsuit, including claims arising under or pursuant to the [FLSA], 29 U.S.C. §§ 201 et seq. and [NYLL], and their governing regulations.

(Letter from Jonathan Schulman, Esq., to the undersigned, dated Feb. 3, 2017 (D.I. 62) ("Schulman Letter"), Ex. 1 § 3(a)).[5]

Throughout the settlement agreement, the parties refer to this release as a general release (Schulman Letter, Ex. 1, at 5 & §§ 8, 16, 17). General releases in FLSA settlements that run only in favor of the defendants are impermissible. See Leon-Martinez v. Central Café & Deli, 15 Civ. 7942 (HBP), 2016 WL

---

[5]The release does not include claims based on facts that may arise after execution of the settlement agreement, "any claim or right Plaintiffs may have under this Agreement" and claims that cannot be waived as a matter of law (Schulman Letter, Ex. 1 § 3(b)).

9

7839187 at *1 (S.D.N.Y. Dec. 19, 2016) (Pitman, M.J.) (collecting cases). However, this release is nearly identical to the release in Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016), in which the Honorable Kenneth M. Karas, United States District Judge, noted that "[t]o be sure, the release language [is] broad. But critically, this broad language is sharply curtailed, being limited to matters relating to 'conduct set forth in the Lawsuit.'" Therefore, like Judge Karas, I interpret this release -- as well as the accompanying covenant not to sue in Section 5 of the agreement -- to be limited to matters relating to "conduct set forth in the Lawsuit."[6]

The agreement also contains a mutual non-disparagement clause (Schulman Letter, Ex. 1 § 7). However, it does not include a carve-out for truthful statements about plaintiffs' experience litigating their case. A non-disparagement clause in an FLSA settlement must include such a carve-out. Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (Kaplan, D.J.); accord Weng v. T&W Rest., Inc., 15 Civ.

---

[6]My interpreting this release does not void the settlement agreement because the agreement provides that "[if] any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, that court shall interpret, administer or modify it to be enforceable" (Schulman Letter, Ex. 12 § 12).

10

8167 (PAE)(BCM), 2016 WL 3566849 at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.); see Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.). This is true even in the case of a mutual non-disparagement clause. E.g., Howard v. Don Coleman Advertising Inc., 16 Civ. 5060 (JLC), 2017 WL 773695 at *2 (S.D.N.Y. Feb. 28, 2017) (Cott, M.J.). Thus, pursuant to Section 12 of the settlement agreement, I modify the clause to include a carve-out for truthful statements about plaintiffs' experience litigating their case.

The settlement agreement also provides that, after deduction of out-of-pocket costs, one-third of the total settlement amount will be paid to plaintiffs' counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL

11

5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.-Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, plaintiffs' claims are dismissed with prejudice and without costs.

Dated: New York, New York
August 2, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

12